**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 17-cv-997

TREY FERNANDEZ,

                Plaintiff,

v.

COLT HOLDINGS, LLC, a Colorado limited liability company; and JORDAN HEAD, an individual,

                Defendants.

---

# COMPLAINT

---

## INTRODUCTION

1.  This is an action for actual and statutory damages brought by Trey Fernandez (the "**Plaintiff**"), an individual consumer, against Colt Holdings, LLC, a Colorado limited liability company ("**Colt**"), and Jordan Head, an individual ("**Head**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and civil theft.

## JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  This Court has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because that claim is so related to the claim in this action that it forms part of the same case or controversy.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**<u>PARTIES</u>**

5.      Plaintiff is an individual who resides in the County of Jefferson, State of Colorado.

6.      Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

7.      Colt is a Colorado limited liability company that does business in Colorado.

8.      Colt has a place of business at 11066 West Rowland Avenue, Littleton, Colorado 80127.

9.      Colt regularly attempts to collect debts from consumers alleged to be due another.

10.      Colt is engaged in the collection of debts from consumers using the mail and telephone.

11.      Colt is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

12.      Head is an individual.

13.      Head has a place of residence at 9160 East Arbor Circle, #L, Greenwood Village, Colorado, County of Arapahoe, State of Colorado.

14.      Head is the manager of Colt.

15.      Head regularly attempts to collect debts from consumers alleged to be due another.

16.      Head is engaged in the collection of debts from consumers using the mail and telephone.

17.      Head is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

18.    Plaintiff is the owner of certain residential real property commonly known as 11421 West 17th Place, Lakewood, Colorado 80215 (the "**Property**").

19.    The Property is located in a common interest community and is subject to the covenants, conditions, and restrictions of the Westland Village Homeowners Association (the "**HOA**"), including the payment of monthly HOA assessments.

20.    The obligation to pay HOA assessments is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

21.    Plaintiff owns the Property free and clear of any mortgages.

22.    In 2014, Plaintiff became delinquent in his payment of assessments to the HOA.

23.    On or about February 10, 2016, the HOA commenced an action to obtain a decree of foreclosure to foreclose its lien securing the payment of HOA assessments.

24.    On or about May 16, 2016, the HOA obtained a default judgment against Plaintiff and a decree of foreclosure.

25.    The decree of foreclosure provides that the total amount owed to the HOA was $6,525.20.

26.    In addition to the foregoing amount, the decree of foreclosure also includes all subsequently accruing assessments, late fees, attorney fees, and costs through the date of the Sheriff's sale.

27.    On or about July 28, 2016, the HOA commenced a sheriff's sale of the Property.

28.    On or about October 19, 2016, the HOA assigned all of its right, title, and interest under the decree of foreclosure to Colt.

29.    As of October 19, 2016, the total amount due and owing to the HOA to be satisfied through the decree of foreclosure was $10,505.66, for which Colt paid $10,505.66.

30.     This amount included all legal fees and costs due and owing to the HOA, and included the cost of assigning the lien to Colt of $500.00.

31.     The $10,505.66 also included the cost of a second assignment of lien for $500.00.  This second assignment would be for assessments due but not owing until after November 1, 2016.

32.     On or before November 15, 2016, the HOA assigned an additional amount allegedly due and owing to the HOA of $843.00, which consisted of $343.00 in assessments and another $500.00 lien assignment charge.

33.     Though there were only two lien assignments, there were three lien assignment charges.

34.     On or about November 15, 2016, Head submitted a bid to the Sheriff of Jefferson County, Colorado, to complete the sheriff sale of the Property.

35.     In the bid, Head represented that the "Total amount of judgment" was $10,505.66.

36.     The next day, Head represented to Plaintiff that the total amount that was due and owing to Colt was $35,000.00 and that Plaintiff would have to pay $35,000.00 to Colt to stop the sheriff's sale of his property, which was scheduled for the following day.

37.     $35,000 was not due and owing to Colt.

38.     Plaintiff paid the $35,000.00 to Colt, and Head, on behalf of Colt, signed an agreement to stop the sheriff's sale and satisfy the amounts allegedly due and owing to Colt.

39.     Although Plaintiff had paid far more to Colt to satisfy the HOA assessments (including too many lien assignment charges), Head continued to harass and threaten Plaintiff to extort more money from Plaintiff.

40.     Although Colt had no ability to initiate or complete a sheriff's sale of the Property, Head continued to threaten a foreclosure sale to force Plaintiff into paying Colt more money.

41.     At no point did Colt notify Plaintiff that it was acting as a debt collector.

42.     At no point did Colt provide verification of the amounts allegedly owed to Colt.

43.     Despite demand, Colt has not verified the debt.

44.     After notifying Colt and Head that he was represented by counsel, Colt and Head continued to communicate with Plaintiff.

## COUNT I
## (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

45.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

46.     At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

47.     At all times material hereto, the HOA was a "creditor", as that term is defined under 15 U.S.C. § 1692a(4).

48.     At all times material hereto, the HOA assessments were a "debt", as that term is defined under 15 U.S.C. § 1692a(5)

49.     At all times material hereto, Colt and Head were each a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

50.     As detailed above, Colt and Head communicated with Plaintiff after knowing that Plaintiff was represented by counsel in violation of 15 U.S.C. § 1692c(a)(2).

51.     As detailed above, Colt and Head harassed plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

52.     As detailed above, Colt and Head used false, deceptive, or misleading representations or means to collect a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(4), 1692e(5), 1692e(10), and 1692e(11).

53.     As detailed above, Colt and Head used unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f and 1692f(1).

54.     As detailed above, Colt and Head failed to provide notification and validate the debt in accordance with 15 U.S.C. §§ 1692g(a) and 1692g(b).

55.     The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

56.     Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

57.     As a direct consequence of the Debt Collector's acts, practices, and conduct, Plaintiff has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

58.     Plaintiff is entitled to damages in an amount to be determined at trial.

### COUNT II
### (Civil Theft, Colo. Rev. Stat. § 18-4-405)

59.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

60.     Colt and Head knowingly obtained and retained Plaintiff's money in excess of the amounts owed through threat and deception.

61.     When Colt and Head obtained Plaintiff's money, they intended to deprive Plaintiff of its permanent use.

62.     Colt and Head have committed theft in violation of Colo. Rev. Stat. § 18-4-401.

63.     The money should be restored to Plaintiff.

64.     Pursuant to Colo. Rev. Stat. § 18-4-405, Plaintiff is entitled to three times the amount of damages and Plaintiff's attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Trey Fernandez prays for relief and judgment, jointly and severally against Colt and Head, as follows:

1.     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2.     Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3.     Awarding Plaintiff three times the amount of damages suffered pursuant to Colo. Rev. Stat. § 18-4-405.

4.     Enjoining Colt and Head from the illegal collection of debts;

5.     Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

6.     Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

7.     Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 21, 2017

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
        ahson.wali@vwfirm.com